IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID TYRON JONES                                                                PLAINTIFF

v.                          NO. 4:18-cv-00037 JM/PSH

SHELBY COUNTY JAIL, DEPUTY JAILERS,                              DEFENDANTS
and WESTERN HEALTH INSTITUTE TECHS

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On January 16, 2018, plaintiff David Tyron Jones ("Jones") began this case by filing a pro se complaint pursuant to 42 U.S.C. 1983 and joining as defendants the place of his present confinement, Shelby County Jail ("Jail"); certain unidentified deputy jailers at the Jail; and "Western Health Institute Techs." A concise summary of his complaint is not an easy task. Liberally construing the complaint, he appeared to allege that his constitutional rights are being violated because of the conditions within the Jail and because he has been misdiagnosed with, and medicated for, a mental impairment. Jones accompanied his complaint with the pending application to proceed in the district court without the prepayment of fees or costs, an application the Clerk of the Court has construed as a motion to proceed in forma pauperis. See Docket Entry 1. On January 24, 2018, United States District Judge James M. Moody, Jr., referred this case for decision and recommended disposition.

The undersigned began reviewing Jones' motion to proceed in forma pauperis, and it was immediately apparent that it was incomplete. Specifically, the "certificate" and "calculation of initial payment of filing fee" portions of the motion were not completed and signed by an authorized official at the Jail. In such an instance, the undersigned will typically notify the plaintiff that his motion to proceed in forma pauperis is incomplete and accord him an opportunity to correct the deficiencies. Once the deficiencies are corrected and the completed motion to proceed in forma pauperis filed, the undersigned will address the motion. If the plaintiff qualifies for in forma pauperis status, the motion will be granted.

The undersigned will not follow the typical procedure in this instance. The undersigned will not do so because it is clear that venue is not proper in the Eastern District of Arkansas but instead appears to be proper in the Western District of Tennessee. The undersigned so finds for the following reasons.

"Distinct from jurisdiction, which is the power to adjudicate, is the concept of venue, which relates to the place where judicial authority may be exercised." See Wetzel v. Tolliver, 2005 WL 1327380 at 2 (D. Minn. 2005) [citing Neirbo Company. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 167-68 (1939). In a civil action not founded solely on diversity of citizenship, venue is proper in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

See 28 U.S.C. 1391(b).

The civil action being prosecuted by Jones is not founded solely on diversity of citizenship. 28 U.S.C. 1391(b) therefore governs venue in this case. The undersigned has no idea where the defendants reside as Jones has failed to provide an address for the defendants. It is obvious, though, that the Jail is within the Western District of

Tennessee. It is also obvious that a substantial part of the events or omissions giving rise to Jones' claims occurred, or are occurring, within the Western District of Tennessee, not the Eastern District of Arkansas. The record is silent as whether the defendants are subject to the personal jurisdiction of the Eastern District of Arkansas.

Given the foregoing, venue is not proper in the Eastern District of Arkansas. It appears to be proper in the Western District of Tennessee. The undersigned finds that the interest of justice will be served by transferring this case to the Western District of Tennessee. It is therefore recommended that the Clerk of the Court be directed to transfer this case to the Western District of Tennessee in accordance with 28 U.S.C. 1406(a).[1]

DATED this 25th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."